UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20296-BECERRA

UNITED STATES OF AMERICA

v.

HENYELBERT DARIO FERRER NAVARRO,

Defendant.
_______________________________________/

COURT EXHIBIT
Ferrer Navarro
CASE NO. 24-cr-20296
EXHIBIT NO. A

# FACTUAL PROFFER

The United States of America and Defendant Henyelbert Dario Ferrer Navarro (the "Defendant") (collectively, the "Parties"), stipulate to and agree not to contest the following facts and stipulate that such facts, in accordance with Rule 11(b)(3) of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty to Count 1 of the Superseding Indictment, which charges the Defendant with Conspiracy, in violation of Title 18, United States Code, Section 371. The Parties agree that had this case proceeded to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

***June 1, 2024, Purchase***

**1.** On or about June 1, 2024, the Defendant and two other individuals, Kevin Elian Larrahondo Garcia ("Larrahondo Garcia") and Oscar Jesus Medina Rodriguez ("Medina Rodriguez") arrived at Miami International Arms, a federal firearm licensee ("FFL") in Miami, Florida.

2. Larrahondo Garcia entered the FFL for a period of time before returning to the vehicle he, the Defendant, and Medina Rodriguez arrived in. While inside the vehicle, Medina Rodriguez gave Larrahondo Garcia a significant amount of cash. Larrahondo Garcia took the

cash, walked into the FFL, and purchased approximately thirteen (13) semi-automatic AK-47 style rifles from the FFL.

3. In connection with his purchase of the 13 firearms, Larrahondo Garcia filled out and signed an ATF Form 4473.

4. Larrahondo Garcia specifically marked "Yes" to Question 21.a. of the Form 4473, which reads:

> Are you the actual transferee/buyer of all of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)? Warning: You are not the actual transferee/buyer if you are acquiring any of the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer any of the firearm(s) to you.

5. Following the execution of the ATF Form 4473, the Defendant, Larrahondo Garcia, and Medina Rodriguez left the FFL with the firearms and drove to a "bodega" in Doral, Florida. There, the firearms were given to other individuals.

***June 11, 2024, Purchase***

**6.** On or about June 11, 2024, at approximately 5:25 p.m., Larrahondo Garcia returned to the same FFL in a white sedan/hatchback with another person. At about the same time, the Defendant and Medina Rodriguez arrived at the FFL in a blue Volkswagen SUV ("the Volkswagen").

7. Larrahondo Garcia walked into the FFL and completed an ATF Form 4473 in connection with his purchase of twenty-four (24) semi-automatic AK-47 style rifles. Larrahondo Garcia answered "yes" to Question 21.a.

8. After Larrahondo Garcia completed the purchase of the 24 firearms, he, the Defendant, and Medina Rodriguez collectively placed the boxes of firearms into the trunk of the Volkswagen that the Defendant and Medina Rodriguez had arrived in, which was parked in the FFL parking lot. Once all of the firearms had been loaded into the Volkswagen's trunk, the

Defendant and Medina Rodriguez departed the FFL parking lot in the Volkswagen containing the firearms. Larrahondo Garcia departed the FFL parking lot separately in his own vehicle without any of the firearms he had just purchased.

***June 12, 2024, Purchase***

9. On or about June 12, 2024, at approximately 3:08 p.m., Larrahondo Garcia returned to the FFL with another individual in a gray Mazda SUV. At about the same time, a red Chevrolet pickup truck ("the Chevrolet") also arrived at the FFL. Larrahondo Garcia then entered the FFL alone.

10. Larrahondo Garcia completed an ATF Form 4473 in connection with the purchase of twenty-six (26) semi-automatic AK-47 style rifles and answered "yes" to Question 21.a.

11. Around the time Larrahondo Garcia was completing the Form 4473, the individual with whom he had arrived entered the FFL. Larrahondo Garcia and that individual then moved five (5) of the AK-47 style rifles Larrahondo Garcia had just purchased, to the bed of the red Chevrolet. The red Chevrolet then left the parking lot with those five firearms.

12. The remaining 21 firearms were then loaded into the vehicle Larrahondo Garcia had arrived in, and Larrahondo Garcia drove away.

13. Larrahondo Garcia then transferred the remaining 21 firearms to the Defendant and Medina Rodriguez in a residential parking garage.

***June 18, 2024, Arrests***

**14.** On June 18, 2024, the Defendant and Medina Rodriguez arrived at the FFL. The Defendant paid a significant amount of cash to an FFL employee for the purchase of approximately twenty-seven (27) AK-47 style rifles.

15. Later that same day, Larrahondo Garcia arrived at the FFL in a gray Mazda SUV ("the Mazda"). He began to complete an ATF Form 4473 for the purchase of the twenty-seven (27) AK-47 style rifles the Defendant had already paid for. Once Larrahondo Garcia completed the Form 4473, he, the Defendant, and Ferrer Navarro left the FFL briefly to retrieve a dolly cart from the vehicle the Defendant and Medina Rodriguez had arrived in. Larrahondo Garcia then walked out of the FFL without any of the firearms while the Defendant and Medina Rodriguez began to place the firearms onto the dolly cart.

16. Right as Larrahondo Garcia was entering the Mazda, but before he was able to leave the FFL parking lot, law enforcement intervened and arrested Larrahondo Garcia, the Defendant, and Medina Rodriguez.

17. The Defendant admits that in or around June 2024, he Larrahondo Garcia, and Medina Rodriguez agreed to acquire firearms through the use of false statements, and that each of the purchases discussed above was undertaken pursuant to that agreement.

18. The United States and the Defendant agree that these facts, which do not include all of the facts known to the United States and the Defendant, are sufficient to prove the guilt of the Defendant as to the crime of Conspiracy, in violation of Title 18, United States Code, Section 371, as alleged in the Superseding Indictment.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 1/15/25 By: ______________________

TIMOTHY FARINA
ASSISTANT UNITED STATES ATTORNEY

Date: 1/15/25 By: ______________________

HENYELBERT DARIO FERRER NAVARRO
DEFENDANT

Date: 1/15/25 By: ______________________

DAVID HOWARD
ATTORNEY FOR DEFENDANT